<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| E. Land Retail LTD., <br><br> Petitioner, <br><br> v. <br><br> Sky Mart Global LLC, <br><br> Respondent. | Civil Action No. 14-3038 (ES) (JAD) <br><br> **MEMORANDUM OPINION & ORDER** |

**SALAS, DISTRICT JUDGE**

This matter is before the Court on Petitioner's, E. Land Retail LTD. ("E. Land"), unopposed Motion[1] to Confirm Arbitration Award ("Motion to Confirm") (D.E. No. 3).

**I. BACKGROUND**

The dispute between E. Land and Respondent Sky Mart Global LLC ("Sky Mart") relates to a series of commercial contracts for the purchase of well-known consumer food items. (D.E. No. 1, Verified Petition To Confirm Foreign Arbitration Award And To Enter Judgment Thereupon "E. Land Pet." at ¶ 2). Each of the purchasing contracts contained an arbitration clause stating, "all claims which cannot be amicably settled between Sellers and Buyers shall be settled by arbitration in Seoul, [Republic of Korea], in accordance with the international commercial arbitration rules of the Korean Commercial Arbitration Board ('KCAB') whose award shall be final and binding upon Sellers and Buyers." (*Id.* at ¶ 2, 15). E. Land promptly made payments

---

[1] "In domestic arbitration 9 U.S.C. § 6 provides that applications for relief under the United States Arbitration Act shall be made by motion. . . . This provision has been incorporated into proceedings under 9 U.S.C. § 201 et seq. through the provision of 9 U.S.C. § 208." See *Biotronik Mess-Und Therapiegeraete GmbH & Co. v. Medford Med. Instrument Co.*, 415 F. Supp. 133, 135 n.4 (D.N.J. 1976) (internal citation omitted).

under the contract; however, Sky Mart either failed entirely to deliver the goods or delivered goods of such inferior quality as to be not usable. (*Id.* at ¶ 3).

Thus, on June 18, 2013, E. Land commenced arbitration before the KCAB in Seoul to recover its damages. (*Id.* at ¶ 3). Sky Mart, through its representative Paul Kim, communicated with the KCAB and participated in preliminary arbitration proceedings, including serving an Answer to the Request for Arbitration and a Power of Attorney naming Paul Kim as a lawful representative of Sky Mart. (*Id.* at ¶ 4). After numerous failed appearances by Sky Mart to appear at the initial oral hearing, the KCAB rendered an opinion and an award in favor of E. Land on April 18, 2014. (*Id.* at ¶ 5, 6; Ex. 2). Now, despite being served, Sky Mart has failed to answer E. Land's motion to confirm arbitration award. (*See* D.E. Nos. 5-7) (E. Land's notices of certified service on Sky Mart).

## II. DISCUSSION

A. *Subject–Matter Jurisdiction & Venue*

The Court has jurisdiction over this matter pursuant to 9 U.S.C. § 203. Section 203 states:

> An action or proceeding falling under [The Convention on the Recognition and Enforcement of Foreign Arbitral Awards] ("Convention") shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

Venue is also proper here pursuant to 9 U.S.C. § 204. Section 204 states:

> An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought . . . .

B. *Confirmation*

Federal district courts have the authority to confirm foreign arbitral awards. 9 U.S.C. § 207. To obtain enforcement of the arbitral award, a party may apply to federal district court, attaching copies of the arbitral award and the agreement to arbitrate. *See* Convention, Article IV; 9 U.S.C. § 201. E. Land has complied with these requirements. (Exs. 2 & 3 to E. Land Pet.). Once the requirements are complied with, the district court's role in reviewing a foreign arbitral award is limited: "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition specified in the said Convention." 9 U.S.C. § 207; *Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307 (3d Cir. 2006). These grounds for refusal must be invoked and proved by the party opposing confirmation of the award, and are not applicable here where the motion is unopposed. *See* Convention, Article V.

### III. CONCLUSION

Based on the foregoing reasons:

**IT IS** therefore on this 21st day of November, 2014 hereby

**ORDERED** that Petitioner E. Land Retail Ltd.'s Motion to Confirm The Korean Commercial Arbitration Board's Award pursuant to 9 U.S.C. § 207 is hereby by GRANTED;

**ORDERED** the Clerk of the Court shall enter judgment in favor of Petitioner, E. Land Retail Ltd., and against Respondent, Sky Mart Global LLC, in the amount of $819,913.76:

1. For breach of contracts, $795,825.07, with interest on this amount at the rate of 6% per annum from May 24, 2013 to July 8, 2013 and 20% per annum from July 9, 2013 to the date of full satisfaction of the judgment;
2. For arbitration cost, $24,088.69.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**